IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SANJIV CHANDAN AKA TONY CHANDAN §<br>*Plaintiff* §<br>§<br>v. §<br>§   C.A. NO. 5:24-cv-00197-XR<br>§<br>LIFE TIME FITNESS, INC. §<br>*Defendant* § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

SANJIB CHANDAN AKA TONY CHANDAN, hereinafter referred to as "Plaintiff" file this FIRST AMENDED COMPLAINT against **LIFE TIME FITNESS, INC.**, (Hereinafter referred to as "Defendant") for the following reasons:

**Discovery Control Plan**

1. Pursuant to Federal Rules of Civil Procedure, the Plaintiff herein makes a motion for a discovery control plan in accordance with Rule 26. Further, the Plaintiff request that the Court act as promptly as reasonably possible on this motion

**Service of Process**

2. Service of process may be had on the Defendant at the following address:

**LIFE TIME FITNESS, INC.**
**Registered Agent: National Registered Agents, Inc.**
**1999 Bryan St. | Ste. 900**
**Dallas, Texas 75201**

1

**Statutory Authority**

3.    Plaintiff asserts that there was a breach of Contract under Chapter 38 of the Texas Civil Practices and Remedies Code and 42 U.S.C. § 1981 and 42 U.S.C.§ 2000a-2.

**Venue and Jursidiction**

4.   Jurisdiction is proper in this Court under 28 U.S.C. § 1331 and § 1343. Specifically, Plaintiffs invoke 42 U.S.C. § 1981 and 42 U.S.C.§ 2000a-2 to seek relief for violations of federally-protected rights. Venue of this action is proper in the county of suit because the acts which give rise to this suit occurred in BEXAR County.

**Notice; Conditions precedent**

5.   All conditions precedent necessary to maintain this action have been performed.

**The Transactions.**

6.   This lawsuit arises out of the following transaction, acts and events:

7.   Plaintiff has been a member of Defendant for a few years and has never had an issue up until now. On June 6, 2023 Plaintiff was at the Life Time Fitness located on 18510 U.S. Hwy 281 N., San Antonio, Texas 78259, when an employee from Defendant approached Plaintiff identifying herself as part of the HR department. The employee advised Plaintiff that his membership had been cancelled and that Plaintiff needed to leave the premises immediately.

8.   The employee of Defendant advised Plaintiff that the general manager Wally Gonzales

would be calling him in the morning with further information. Plaintiff was advised to speak with the general manager and was unable to enter the gym until further notice. Defendant without further explanation to Plaintiff, had Plaintiff escorted off the property. Plaintiff not knowing or understanding what was going on, felt embarrassed and confused.

9. On June 11, 2023 Plaintiff sent an email to Defendant requesting information as to why he had been treated unfairly and was wrongfully escorted off the property. In the email, Plaintiff informed Defendant that on June 6, 2023 Plaintiff was approached by an employee and informed Plaintiff his membership was cancelled and that Plaintiff was unable to return to the gym until the general manager contacted him. The next morning, no call was received and Plaintiff feeling uncomfortable and embarrassed, decided to go to the gym and look for Mr. Gonzales.

10. Upon arrival, Plaintiff was able to locate Mr. Wally Gonzales. Mr. Gonzales took Plaintiff to his office and had a brief discussion of the allege incident that took place on June 6, 2023. Mr. Gonzales asked Plaintiff if he knew why he was in his office, Plaintiff not having a clue of what was going on answered the same. Mr. Gonzales then asked Plaintiff if he remembered anything he did wrong, and Plaintiff stated to his knowledge he did nothing wrong.

11. Mr. Gonzales stated to Plaintiff a couple of weeks ago Plaintiff supposedly told a white 17 year old female that she can work for him. Plaintiff informed Gonzales that he did not make such statements and that Plaintiff is retired and is unable to offer anyone a job.

12. Defendant stated that there were witnesses and that Defendant also has a video of the alleged incident. Plaintiff requested Defendant to show him the video however, Mr. Gonzales told Plaintiff he would have to return tomorrow to see the video. Plaintiff responded that it was fine and left.

13.     The following day, on June 8, 2023 Mr. Gonzales contacted Plaintiff and informed Plaintiff that the investigation had been completed and since Defendant had many witnesses, Plaintiff would be suspended for 90 days.  However, Defendant still failed to show Plaintiff the video.

14.      On June 12, 2023 Plaintiff sent another follow up email to Defendant wherein, Defendant responded that the decision still stands and Plaintiff would return in 90 days. Thereafter, on June 19, 2023 Defendant sent Plaintiff an email stating " Per the club and corporate member relations an investigation was done in regards to your violation of Life Time Policy.  Based on the results of this investigation your membership was termed.  Life Time considers this matter closed."  Plaintiff immediately requested and demand  proof of his violation of the policy and a copy of the investigation report however, Defendant stated that Life Time's internal investigations and all information and documents associated with these investigation are private and confidential and that Defendant does not share this information.

15.     Defendant further stated that they had already reached out to Plaintiff in person and via telephone to discuss this matter and that there was nothing else further to discuss. Thus, Life Time considered this matter closed.

16.     Plaintiff still not understanding the situation and felt like he was being attacked due to his being Indian decided to seek legal counsel in attempt to get some answers. On June 29, 2023 Counsel for Plaintiff sent Defendant a letter regarding the alleged June 6, 2023 incident.  Counsel requested that Defendant provide copies of the investigation report, any and all correspondence and videos pertaining to the alleged incident.

17.     On July 14, 2023 Defendant sent a letter in response to Plaintiffs June 29th letter.

Defendant again, fails to provide any proof of the allege incident and fails to provide a copy of the investigation and video. Defendant continued to state that Plaintiff violated the policy without proof. Defendant provided a picture of what appears to be from the video however, the picture shows blackout spots and does not prove Plaintiff was in violation of anything.

18. On August 8, 2023 Counsel for Plaintiff sent another letter in attempts to resolve this issues without the need of litigation however, Defendant has refused to comply with Plaintiffs request and continues to state Plaintiff is in violation without proof.

19. Furthermore, it appears that the alleged victim is related to an employee of defendant. Plaintiff feels that he was personally attacked and discriminated against because he is Indian and the alleged female victim was white. Plaintiff denies ever offering the 17 year old female a job. Defendant has failed to produce any videos and/or audio recordings proving the same.

20. Defendant has no justifiable reason for treating Plaintiff the way they did and causing embarrassment by wrongfully detaining and escorting Plaintiff off the property.

## Causes of Action.

### Breach of Contract

21. Defendant has breached the respective written agreement with the Plaintiff as above explained.

22. Breach of contract is established (1) the existence of a valid contract, (2) the plaintiff performed or tendered performance as the contract required, (3) the defendant breached the contract by failing to perform or tender performance as the contract required, and (4) the plaintiff sustained damages as a result of the breach. *Please see Pathfinder Oil & Gas, Inc. v. Great W.*

*Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019); *Spicer v. Maxus Healthcare Partners, LLC*, No. 02-17-00449-CV, 2020 Tex. App. LEXIS 7905, at *92-93 (Tex. App.—Fort Worth Oct. 1, 2020

23.     Plaintiff requests the Court to find a breach of the contract and find damages owed to Plaintiff.     Paragraph 3(b)(4)&(5) generally state the basis for limiting the membership. First, Plaintiff would assert that these clauses of so one sided and unilateral as not be enforceable. However, Plaintiff would also assert that he violated no terms of the GTA, MUA or Club Policies such that his membership should have been terminated.

*Public Accommodation Discrimination*

24.    Plaintiff further believes that he was singled out due to the Defendant and/or its employees not liking the fact that he was Indian.   Due to the acts and omissions described above, Plaintiff sues Defendant under 42 U.S.C. § 1981. Plaintiff attempted to contract for the purchase of gym services, yet Defendant thwarted his efforts and denied them the opportunity to enjoy the benefits and privileges of the gym's  services. Defendant's conduct in this instance was caused by intentional discrimination. At the same time, Defendant treated other persons similarly situated as Plaintiff who were outside of Plaintiffs' protected class in a manner more favorably than Plaintiffs by providing them with the same goods and services that Plaintiff sought. For these reasons, Plaintiffs are entitled to recover damages from Defendant.  Plaintiff asserts that because the Defendant believed that he made some comment to a "white girl" that he was immediately singled out for discrimination by the termination of his membership without cause and his immediate ejection from the gym.

25. In addition, because Defendant acted willfully and with gross disregard of Plaintiffs' federally

protected rights, Plaintiffs are entitled to recover mental anguish damages and punitive damages from Defendant.

26. Further, Plaintiffs are entitled to recover their reasonable attorneys' fees, having engaged the undersigned counsel in connection with this claim. 42 U.S.C. § 1988(b).

27. Due to the acts and omissions above, Plaintiff sues Defendant under 42 U.S.C. § 2000a-2. Plaintiff attempted to seek the full and equal enjoyment of the goods and services of a gym, yet Defendant thwarted his efforts and denied him the opportunity to enjoy the benefits and privileges of the gym, which is a place of public accommodation. 42 U.S.C. § 2000a(b)(2). Defendant's conduct in this instance was caused by intentional discrimination. At the same time, Defendant treated other persons similarly situated as Plaintiff who were outside of Plaintiffs' protected class in a manner more favorably than Plaintiffs by providing them with the same goods and services that Plaintiffs sought.

28. If not for Defendant's conduct, Plaintiffs would still be a member of the gym.

29. Plaintiffs face a real or immediate threat that they will be wronged again by the gym, and thus the likelihood exists that they will experience a substantial and immediate irreparable injury. For these reasons, Plaintiff are entitled to seek injunctive relief against Defendant.

30. Because Plaintiffs have had to engage the undersigned counsel in connection with this claim, they are entitled to recover their reasonable attorneys' fees. 42 U.S.C. § 2000a-3(b).

## Damages.

31. The conduct described in the preceding paragraphs was a producing and proximate cause of economic damages to plaintiff. The amount of plaintiff's damages exceeds the minimum

jurisdictional limits of the court which include $2,346 for the value of the membership lost to date.

32. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully rewritten herein.

33. As a result of Defendants' violations of 42 U.S.C. §§ 1981, and 2000a , Plaintiff seeks compensatory, mental anguish damages and punitive damages in excess of $ 500,000.00, attorney's fees, taxable costs of court, and pre-judgment and post-judgment interest.As a result of Defendants' unlawful conduct described above, Plaintiffs have suffered, continue to suffer, and will suffer in the future irreparable injury including, but not limited to the following: loss of integrity; embarrassment; dishonor; shame; insult; ridicule; humiliation; worry; mental anguish and emotional distress, for which they are entitled to compensation.

### Interest.

33. In an action for false imprisonment, the Plaintiff can recover postjudgment and postjudgment interest.

34. A Plaintiff who wins a judgment may be able to recover the following:

1) Prejudgment interest.

2) Postjudgment interest.

### Attorney's Fees; Fees of Experts.

35. Plaintiff seeks all reasonable and necessary attorney's fees pursuant to Chapter 38 of the Texas Civil Practices and Remedies Code and the Federal Civil Rights Statutes cited abo ve

which include the following:

    (a) Preparation and trial of this lawsuit; and

    (b) Post-trial, pre-appeal legal services; and

    (c) An Appeal to the court of appeals; and

    (d) Making or responding to an application for writ of error to the Supreme Court of Texas; and

    (e) An appeal to the Supreme Court of Texas in the event application for writ and error is granted; and

    (f) Post-judgment discovery and collection in the event execution on the judgment is necessary.

    (g) any fees related to retained and testifying experts of the Plaintiff.

## Request for relief

36. Plaintiff demands judgment against Defendant for all damages and attorney's, costs of court, and prejudgment and post-judgment interest at the highest lawful rates.

37. Plaintiff also asks for such other relief to which plaintiff may be entitled.

38. Plaintiff prays that citation and notice issue as required by law and that the Court the relief requested in this petition.

39. Plaintiff prays for attorney's fees, expenses and costs.

40. Plaintiff prays for general relief.

**Demand for Jury and Trial Setting**

41. Plaintiff demands a jury trial. Plaintiff requests that the Court set this issue for trial at earliest possible date available to the Court.

Respectfully Submitted,

*/s/ Kenneth E. Grubbs*
Kenneth E. Grubbs
SBN: 00798225
The Law Office of Kenneth E. Grubbs
Forum Building
8000 IH-10 West | Ste. 740
San Antonio, Texas 78230
(210) 490-1292
(210) 499-4587 (fax)
lawofficeofkennethgrubbs@gmail.com
***Attorney for Plaintiff***

**CERTIFICATE OF SERVICE**

This is to certify that the above and foregoing has been served on the attorney for the Defendant on the 3rd day of September, 2024, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

Melanie R. Cheairs
MAYER, LLP
2900 North Loop West | Ste. 500
Houston, Texas 77092

*/s/ Kenneth E. Grubbs*
Kenneth E. Grubbs